The chief justice now delivered the opinion of the court. The ground on which a new trial is moved for, is, that notice was not proved to Carson the indorser in due time, of the bill being dishonoured; and that therefore he, and his executors *532 after his death, are discharged from all responsibility on account of non-payment. The rule certainly is, that reasonable notice must be given in convenient time and at an early day. What is reasonable notice, has been lately settled in England to be a question of law, when the facts are established, and the time of giving notice extremely narrowed, (i Term Rep. 168, 169, 170.) Our trade and usages are not so well fixed as to admit these strict rules, and for the reasons given in Robertson et al. v. Vogle, (Dali. 255, 256.) such strictness would in its consequences be dangerous and inconvenient. No de-*,--0-1 cisión that we know of amongst *us, has fixed any 0 J general rule; and the question respecting the reasonableness of notice has usually been left to the jury as a matter of fact, with this provision, that they should, be satisfied in their consciences, that t-here was convenient notice. Indeed in suits brought by the banks against indorsers of promissory notes, we have gone so far as to say, that as they themselves have adopted the practice of giving notice to indorsers within six or seven days at furthest, where the parties live in the city, this usage shall be obligatory on them, and that a further delay will discharge the indorser. But we have gone no further. The court in their charge in this case, have conformed themselves to the usual practice, and informed the jury they should not presume a notice. The point was wholly submitted to their decision, and they had a right to infer from the known habits and regularity of the plaintiffs in the transaction of their business, that the notice which Williams gave by their order was made in due time, though he does not now recollect it. We cannot therefore now interfere in a matter which was left open to the jury for their decision, and consequently the rule to shew cause must be discharged.
Cited and approved in 7 S. & R., 326, the court saying “the language of McKean, C. J., who delivered the opinion of the court, is worthy of great consideration.
Judgment, pro quer.
[Vid. 4 Term Rep. 468. Where a verdict had been found for the plaintiff, on a presumption contrary to evidence, court refused a new trial, the plaintiff being entitled to recover in conscience and equity.]