ALBANY,
Jan. 1815.

GUTHRIE
v.
PUGSLEY.

GUTHRIE *against* D. and J. PUGSLEY.

In an action for a breach of covenant, on the covenant of seisin in a deed, it appeared, that the title of the defendants was derived from the will of their father, who devised to them as follows: " I give and bequeath unto my two sons, D. and J., all land I may die possessed of in the town of N." which included the premises conveyed by D. and J. to the plaintiff. It was held, that by this devise, D. and J. took only a *life* estate; but that as they were entitled, as heirs at law, to *two sixths* of the lands conveyed by them, their covenant of seisin was broken only in part; and the plaintiff would be entitled to recover damages only in proportion to the value of the part for which the title had failed, that is, four sixths of the consideration money, with interest; but as the *life estate* of the defendants in the four sixths passed to the plaintiff, by

THIS was an action of covenant for a breach of the covenant of *seisin* in a deed. The defendants, by their deed, dated 11th *November*, 1807, conveyed to the plaintiff, in fee, a lot of land, in the town of *Norwich*, in the county of *Chenango*. The deed contained the usual full covenants of *seisin*, power to sell, &c. and warranty.

The title of the defendants to the premises so conveyed, was claimed under the will of their father, who died in *July*, 1804, soon after making his will, which was dated 21st *July*, 1804. He left two sons, the defendants, and four daughters. The devise to his sons was as follows: " I give and bequeath unto my two sons, *David* and *John*, all land I may die possessed of in the town of *Stanford*, and county aforesaid ; likewise *all land I may die possessed of in the town of Norwich, county of Chenango, and state aforesaid.*" The premises conveyed by the defendants were admitted to be part of the land included in this devise.

The cause was noticed for trial at the *Dutchess* circuit, in *August*, 1814, when a case was agreed on, containing the facts above stated. And it was agreed, that if the court should be of opinion that the plaintiff was entitled to recover, a judgment should be entered, as upon a verdict, for such sums as the court should award ; but that if the court should be of opinion that the plaintiff was not entitled to recover, then judgment should be entered for the defendant as upon a verdict.

The case was submitted to the court, without argument.

THOMPSON, Ch. J. delivered the opinion of the court. There is no other part of the will that can be called in aid of this devise, and explanatory of the intention of the testator. It is therefore very clear, that the devisees took only an estate for life. They had not, consequently, an estate of inheritance, in fee simple, according to the covenant in their deed. The cove-

their deed, the value of such life estate must be deducted ; nor was *interest* to be allowed during the lives of the defendants, as during that time the plaintiff could not be called on for *mesne* profits ; and, under the special circumstances of the case, the court awarded a *venire* to a jury to assess the damages of the plaintiff on those principles.

1

nant has, therefore, been broken. But the defendants, as appears by the case, are entitled, as heirs at law, to two sixths of the land conveyed by them. Their covenant is, therefore, only broken in part; and the question is, what shall be the measure of damages where there is a part failure of title only? The rule of damages, as settled by this court in the case of *Morris* v. *Phelps*, (5 *Johns. Rep.* 49.) is, to recover damages in proportion to the value of the part for which the title has failed, which in this case would be four sixths of the consideration money and the interest, was it not for another circumstance which attends this case, which is, that the defendants, under the will of their father, took a life estate in the whole of the land, and this estate will pass to the plaintiff under their deed. He, therefore, has a title in fee to two sixths of the land, and an estate for the lives of the defendants, in the whole; so that no rule adopted in any of the cases on this subject heretofore decided by this court, will reach the present case. Nor is there any settled rule of law by which the damages are to be ascertained, without having recourse to a jury to assess them, as they must depend, principally, upon the value of the estate during the lives of the defendants, which must be deducted from the four sixths of the consideration money. Nor ought interest to be allowed during these lives; for no one, during that time, will have a right to turn the plaintiff out of possession, or call upon him for the *mesne* profits, which is the reason why interest is allowed to be recovered. A *venire* must, therefore, be awarded, for a jury, to assess the damages, under the special circumstances of this case.