The opinion of the Court was delivered by
Tilghman, C. j.
This was an action on the case, on a promissory note for fifteen hundred dollars, dated 19th December, 1815, drawn by Richard Brown, payable to James Guriy, the defendant below, 120 days after date, indorsed by the said Guriy, and discounted by the Gettysburg Bank. On the trial of the cause, a question arose, on the reasonableness of the notice of non-payment by the drawer, given by the bank to the defendant. The Court submitted that matter to the decision of the jury. It is contended, that it ought not to have been left to the jury, but decided by the Court as matter of law. That reasonableness of notice is not sithply matter of law is evident, because it must depend upon facts, such as the distance of the parties from each other, the course of the post, and sometimes unavoidable accidents, which the Court cannot decide. The prevailing opinion in England seems to be, (and it is so stated in Chitty on Bills, 178, Philadelphia Edition, 1809,) that it is a question partly of fact, and partly of law. Yet the law can hardly be considered as settled, even in England, as great authorities are' opposed to each other. ’ Lord Mansfield laid down the fule, in the case of Tindall v. Brown, that the jury were to decide the facts of the case, and the Court to determine,
*326 whether on those facts, the notice was reasonable. But this ru*e was unequivocally disapproved of by Lord Kenyon, in Hilton v. Shepherd, and Hopes v. Alder, both reported in 6 East, 14, 15, 16, notes. That it will ultimately settle down into Lord Mansfield’s rule, in England, is highly probable, as the power of juries m that country, seems to be gradually passing over to the Courts. But as reasonable, ness of notice had not been decided tq be matter of law in the English Courts, while the United States remained part of the British empire, and their subsequent decisions have not the force of authority here, it is to be considered what have been our own decisions, for it will be found to be a subject which the Courts of Pennsylvania have frequently had under consideration. In Robertson v. Vogle, 1 Dall. 252, the point came before the Court of Common Pleas of Philadelphia, when the late C. J. Shippen was President of that Court, and it was held, that reasonable time of notice was matter to be submitted to the jury. The same principle was adopted by M‘Kean C. J., in the Bank of North America v. M'Knight, 2 Dall. 158. Yeates and Bradford Judges, held the same opinion at Nisi Prius, in Mallory v. Kirwan, 2 Dall. 192. The Supreme Court decided in the same way, in the Bank of North America v. Pettit, 4 Dall. 127. The last of our reported cases on this subject, is Warder et al. v. Carson's Executors, 1 Yeates, 531, and the language of M‘Kean C. J., who delivered the opinion of the Court, is worthy of great consideration, as it establishes a distinction between notes discounted by the banks in Philadelphia, and other notes, which appears highly reasonable. “ Our trade and usages,” says he, “ are not so well fixed, as to admit those strict rules, and for the reasons given in Robertson v. Vogle, such strictness would be dangerous and inconvenient. No decision that we know of, amongst us, has fixed any general rule, and the question respecting reasonableness, &c., has been left to the jury. Indeed, in suits brought by the banks, against indorsers of promissory notes, we have gone so far as to say, that as they themselves have adopted the practice of giving notice to indorsers within six or seven days at farthest, where the parties live in the city, this usage shall be obligatory on them, and that a further delay will discharge the indorser.” Without undertaking to say pre *327 eisely, what is the practice of the banks in this city, I am confident that they give notice now in a much shorter time than five or six days. Andyihe fact is capable of being exactly ascertained, that there will be little difficulty, when a case occurs, in settling the law with regard to them. But I am satisfied, that an attempt to lay down any general rule at this time, applicable to all notes discounted in the country banks, would be unjust and dangerous. The practice of giving notice, has been different, in different banks, espepecially in cases where the indorsers do not live in the town where the bank is kept. And as to individuals in the country, who hold indorsed notes, never discounted by any bank, I am well assured, that there is no general understanding, of any particular time of giving notice. How then can the Court fix the time ? The common law has no rule on the subject. And in those countries where the greatest commercial strictness prevails, the Courts.have never undertaken to establish a rule, until they found the course of business so well settled, as to afford them a basis. Even in our greatest commercial cities, which have sometimes been subject to alarming epidemic disorders, the Courts have found themselves reduced to the necessity of submitting to juries, (often better informed in these matters than themselves,) what should be a reasonable allowance for the circumstances of the time, in questions of notice with respect to promissory notes, bills of exchange, and policies of . insurance. I have forborn to take notice of the decisions of the Supreme Courts of New York and Massachusetts, not that I have not the most unfeigned respect for them, but because we are bound to pay still greater respect to our own decisions, which have not been in exact accordance with them. Upon the whole, I am of opinion, that we cannot say there was error in this case, without a premature and dangerous departure from all former precedents in this Commonwealth. The judgment of the Court of Common Pleas is therefore to be affirmed.
Judgment affirmed.