### STEPHEN BARKER 2d *versus* JONATHAN PARKER.

The holder of a promissory note, falling due on Sunday, asked the indorser, on Saturday, if it would not be best to call on the two makers, who lived about twenty miles from the holder, and who were wholly insolvent ; to which he replied, that it would be of no use. On Monday it rained very hard. On Tuesday the holder made a demand on one of the makers, and took a letter from the indorser, dated on Monday, addressed to the other, stating that the indorser had been called upon to pay the note, and requesting this other maker to attend to it as soon as possible; but he had absconded, having before the note fell due made a mortgage to the indorser; which however proved to be of no value. It was *held*, that if a demand on Monday would have been seasonable, the rain furnished no excuse for not making one on that day.; but it was also *held*, that the jury would be warranted in inferring that the indorser had waived a demand.

ASSUMPSIT against the defendant as indorser of a promissory note, made payable to him or his order, in one year, by Joseph Parker as principal, and John Boylin as surety, dated November 13, 1824. The declaration alleged a presentment to the makers for payment, on the 12th, 13th, and 15th of November, 1825, and due notice to the defendant. The 13th was Sunday.

At the trial before *Putnam* J. it was proved, that the makers became insolvent before the maturity of the note, and that Boylin absconded before that time. The defendant knew of the insolvency of the makers, before the note became due, and he took a mortgage from Boylin to indemnify himself against the payment of the note ; but the mortgage was unproductive, in consequence of a previous mortgage and attachment. On the 12th of November (Saturday) the plaintiff asked the defendant if it would not be best to call on the makers of the note for payment ; he replied, " it would be of no use." On the 14th (Monday) it rained very hard. It is about twenty miles from Methuen, where the plaintiff lived, to Carlisle, where Joseph Parker lived, by the cross roads. There is no direct communication between these towns by mail, and no post-office at Carlisle. If a letter had been put into the post-office at Methuen for Carlisle, after 12 o'clock on Saturday, it would not have gone from Methuen until 1 o'clock of the next Tuesday ; if put in before 12 o'clock on Saturday, it would have gone on that day to Boston, and from

thence would have been sent to a post-office near Carlisle. On Tuesday, the 15th, the plaintiff went to Billerica, where Boylin lived, and there demanded payment of Joseph Parker about 9 or 10 o'clock in the forenoon, and ascertained that Boylin had gone to the State of New York. The plaintiff carried a letter from the defendant addressed to Boylin, dated the 14th, stating that the defendant had been called upon for the note, and that he wished Boylin would attend to it as soon as possible. The plaintiff returned and went to the defendant's house in Dracut on the 15th, and gave notice of the demand and non-payment.

The plaintiff contended that the defendant had waived any demand on the makers ; and if not, that a sufficient demand and notice had been proved. By the direction of the judge the verdict was taken for the plaintiff ; but if, from the evidence, the jury could not be warranted in finding that the defendant had waived a demand upon the makers, and if a demand was necessary, and there was not a demand and notice in a reasonable time, the verdict was to be set aside, and the plaintiff to be nonsuited.

*Spaulding*, for the defendant, cited *Field* v. *Nickerson*, 13 Mass. R. 137 ; *Berkshire Bank* v. *Jones*, 6 Mass. R. 524 ; *Tower* v. *Durell*, 9 Mass. R. 332 ; (see Rand's ed. 334, note *a* ; 208, note *a* ;) *Garland* v. *Salem Bank*, ibid. 408.

*Cummins*, *contrà*, cited *Farnum* v. *Fowle*, 12 Mass. R. 89 ; *Eagle Bank* v. *Chapin*, 3 Pick. 180 ; (2d ed. 183 notes ;) *Brett* v. *Levett*, 13 East, 213 ; *Duncan* v. *M'Cullough*, 4 Serg. & Rawle, 480 ; *Leffingwell* v. *White*, 1 Johns. Cas. 99 ; *Freeman* v. *Boynton*, 7 Mass. R. 483 ; *Shed* v. *Brett*, 1 Pick. 409.

PARKER C. J. drew up the opinion of the Court. This note, having been made in 1824, was not entitled to grace,[1] the statute allowing grace on promissory notes not having passed until 1825. (See Revised Stat. *c.* 33, § 5.) It became due, therefore, on the 13th of November, 1825, and should have been demanded on the 12th, as the day of payment according to the note was Sunday.[2] As however the holder

might wait for payment to be made through the day, and the promisor lived twenty miles distant, a demand on Monday the 14th might in this case have been seasonable. [1] The fact that Monday was a very rainy day, can form no excuse. If it nad appeared that a violent tempest had so broken up or destroyed the roads, or obstructed them, that they were impassable, perhaps it might have been considered a providential interception, on account of which the plaintiff would not have been charged with negligence. No such fact appearing, there was laches which will prevent the plaintiff from recovering, unless the defendant has waived exception to it.

It appears that on Saturday the plaintiff asked the defendant, if it were not best for him to call on the makers, and he replied " that it would be of no use." Both the makers were at this time wholly without property, and one of them had absconded. The defendant had before taken all the security which he could get, though it turned out worthless. But knowing the condition of the makers, and telling the plaintiff it would be useless to call on them, was an implied assent on his part that a demand need not be made. [2] The letter written by him on the 14th to one of the makers, and sent by the plaintiff on the 15th, affords a strong implication that he had waived any advantage from any previous laches. At any rate, we think from these facts the jury might legally have inferred, that the defendant was content with the demand to be made on the 15th.

According to the agreement of the parties, therefore, the judgment is to be on the verdict for the plaintiff.

[1] See *Haddock* v. *Murray*, 1. N. Hampsh. R. 140; *Bank of North America* v *M'Knight*, 2 Dallas, 233; *Gurly* v. *Gettysburg Bank*, 7 Serg. & Rawle, 324; *Freeman* v. *Boynton*, 7 Mass. R. 483. But see Bayley on Bills, (2d Am ed.) 231, 232, and notes; *Johnson* v. *Haight*, 13 Johns. R. 470; *Brown* v *Lush*, 4 Yerger, 210.

[2] See Bayley on Bills, (2d Am. ed.) 244, 245.