## Monahan *against* Colgin.

A statement of the price is an essential part of an agreement for the purchase and sale of land ; but if it be not inserted in a written agreement, parol proof may be given of it, and of the plaintiff's declarations recognizing the defendant's title and possession under it, in an action of ejectment by the vendor against the vendee.

ERROR to *Indiana* county.

Ejectment for a tract of land by Philip Monahan against Daniel Colgin.   The plaintiff exhibited a legal title in himself for the land. The defendant offered in evidence the following agreement, signed by the parties in the presence of witness.

" March 28th, 1832.   Articles of agreement between Philip Monahan of the one part, and Daniel Colgin of the other part.   This article witnesseth that the aforesaid Philip doth agree to give to David Colgin his place during his life and his wife's life, both to live together, and to work as long as life remains, as witness our hands, the day and year above written."   And in connection with this agreement the defendant offered parol evidence of what the consideration was, and the declarations of the plaintiff since the date of the agreement, recognizing the defendant's title and possession under it.   To all which evidence the plaintiff objected, and the court sustained the objection.   This was the error assigned.

*Stannard*, for plaintiff in error.
*White*, for defendant in error.

PER CURIAM.—The agreement, though sufficiently signed, was not sufficiently put in writing within the statute of frauds, to entitle the defendant to specific execution by force of it alone.   It sets forth that Monahan, the plaintiff " doth agree to give Daniel Colgin his place during his life and his wife's life, both to live together, and work as long as life remains."   The whole terms, of which the price is a substantive part, ought to have been inserted.   The want of a statement of the price was held to be a fatal defect in Seagood *v.* Meale, *Finch's Ch.* 561.   Blagden *v.* Bradbear, 12 *Ves.* 471.   And had the defendant relied on the paper alone, it would not have protected him.   But taking the agreement not to have been effectively put in writing, is the case worse for him than if reduction to writing had not been attempted ?   The actual consideration may be shown where none has been inserted, even in the case of a deed.   Putting the paper out of view, then, except to show the existence of an agreement of some sort, the case presented by the offer was one of undoubted part performance, which is a distinct ground of execution,

[Monahan v. Colgin.]

and independent of compliance with the exactions of the statute. It is sufficient if the acts relied on have been done in reference to *some* contract, the terms of which may be ascertained *aliunde.* The offer was to prove a contract to pay certain sums of money for the plaintiff, and actual payment of them; and a transfer of possession, followed by improvements on the foot of the contract. Clearly, the proof of these facts, as well as the plaintiff's declarations, ought to have gone to the jury.

Judgment reversed, and a *venire de novo* awarded.