## Jones *against* Wardell.

Notice dated Rochester, New York, Dec. 28th, 1841, of protest on that day for non-payment by drawee of a bill of exchange dated at New York, was sent to New York, where it was mailed on 3d January, 1842, and on the 4th was delivered in Philadelphia, where the drawer resided, to a person of the same name, and did not reach the drawer until the 8th. *Held* sufficient notice to charge the drawer.

Reasonableness of notice to the drawer of dishonour of a bill is a question for the court.

ERROR to the District Court for the city and county of *Philadelphia*, in which Charles E. Wardell brought suit against William D. Jones, on the following draft, a copy of which was filed:

*New York, August 25th*, 1841.

$379.59    Four months after date, please to pay to the order of Ch. Wardell & Co., three hundred and seventy-nine dollars and fifty-nine cents, value received, and charge the same to account of goods sent you by them.

To Mr ABRM. H. JONES,     (Signed)     WM. D. JONES.
    Rochester.

(Written across-face)    Accepted, payable at Bank of Rochester.                        A. H. JONES.

(Endorsed)    Pay W. & J. CURRY, or order.
            CHS. WARDELL & Co.

       Pay H. WHITE, *Cashier.*
            W. & J. CURRY.

       Pay RALPH LESTER, *Cashier.*
            H. WHITE.

The following affidavit of defence was filed in February 1842: "William D. Jones, the above-named defendant, being duly sworn, says, that he has a just and legal defence in the above case, and that it consists in the following facts, namely: first, the notice of non-payment by A. H. Jones is in the following words:

*Rochester, N. Y., Dec.* 28th, 1841.

$379.59    Take notice that A. H. Jones' acceptance of a draft drawn by you for three hundred and seventy-nine dollars and fifty-nine cents, was this day protested for non-payment, and that the holder looks to you for payment thereof.

Yours, &c.

To WM. D. JONES.     (Signed)     WM. S. WHITTLENY,
                                          *Notary Public.*

[Jones v. Wardell.]

This notice was mailed in the city of New York, upon January 5th, as appears by the post-mark directed and superscribed Mr William D. Jones, Philadelphia, Pa., 12½, and was delivered from the post office of Philadelphia, to another William D. Jones besides this deponent, to whom it was brought by a coloured man from the said Jones, and was only received by this deponent on Saturday, January 8th, 1842, about 12 o'clock of that day. Your deponent, therefore, avers that he has not had such early and sufcient notice of the non-payment of the draft upon which the above suit is brought as he is and was entitled to by law."

The court entered judgment for want of a sufficient affidavit of defence.

The following supplementary affidavits were filed subsequently to the judgment:

"Wm. D. Jones, dry-goods merchant, being duly affirmed according to law, deposes and says, that after inspecting his memorandum of postage, to the best of his knowledge and belief, he received the annexed paper, marked A, upon the 4th January last past, as he finds 14½ cents charged at that date against William D. Jones, painter : but the deponent cannot recollect at what time the said paper was handed over to the said Wm. D. Jones, painter."

"Wm. D. Jones, painter, the above named defendant, being duly sworn, says he did not receive said paper marked A, until the 8th January last past."

Errors assigned :

1. That the affidavit of defence and supplemental affidavit and certificate, filed in the court below, disclose an ample and complete defence, and entitled the plaintiff in error to a trial by jury.

2. That the notice of dishonour was not forwarded direct to Philadelphia, but first to New York, and then remailed to Philadelphia, which was not the most direct notice that ought to have been given of the dishonour.

*H. Hubbell*, for the plaintiff in error, contended that reasonableness of notice was a question of fact for the jury. *Gurly* v. *The Gettysburg Bank*, (7 Serg. & Rawle 324). The notice of dishonour, which was sent from Rochester to New York, and thence remailed to Philadelphia, was not the most direct that could have been given.

*Gilpin*, contra. The notice was sufficient. It reached Philadelphia on the 4th January, and must have been mailed at New York on the 3d ; and such is the post-mark. If mailed at Rochester on the 29th December, it could not reach New York till the 1st, 2d, or 3d of January, and Philadelphia about the 4th. There is nothing in the affidavits to show it could arrive sooner. The defendant is bound to show in his affidavit that more than reason-

[Jones v. Wardell.]

able time has elapsed to enable the holder to give notice to the different drawers and endorsers in succession; and a loose allegation of want of notice is not sufficient.

The opinion of the Court was delivered by

ROGERS, J. — This is a suit on a bill of exchange dated New York, drawn by the defendant, William D. Jones, on Abraham H. Jones, made payable to the order of Charles Wardell, by him endorsed to the Syracuse Bank, and by the Syracuse Bank to the Bank of Rochester. On the 28th December 1841, the bill was protested for non-payment. On the 3d January 1842, notice of the dishonour was mailed in the city of New York, which reached Philadelphia, where the drawer resided, on the 4th January 1842. In consequence of a mistake, there being two persons of the same name, it did not reach the defendant until the 8th January 1842. By whom, or in what manner, or to whom it was transmitted to the city of New York, or by whom it was mailed to Philadelphia, does not appear. The supposition is that the business was transacted in the usual course; that is to say, that the notice of protest was sent to the Syracuse Bank, by them to the payee in New York, by whom it was sent by mail to the drawer, who resides in Philadelphia. The Bank of Rochester, to whom it was sent for collection, in the absence of all information to the contrary, had a right to suppose that the parties to the bill lived in New York; it would therefore be unreasonable to require that the notice should be sent direct to the drawer : and this explains the reason of the direction which the notice took. As a matter of law, therefore, we incline to the opinion that this was a reasonable notice of the dishonour of the bill; for, allowing one day to each of the parties to the bill, and one day for Sunday, which was an intervening day, greater diligence could not reasonably be required, when it is remembered that Rochester is four hundred miles from New York, and consequently five hundred from Philadelphia, where the drawer resided. The time it reached the defendant is no consequence, as the delay arose from a circumstance which the payee could not control; it is sufficient proof of notice that it was in due time sent in a letter, without proving that the letter was received. *Smyth* v. *Hawthorn*, (3 *Rawle* 356). All the plaintiff had to do was to set out the bill, which made it incumbent on the defendant to state in his affidavit the facts on which he relies for his defence, and unless there be a good defence, the plaintiff is entitled to judgment. In *Gurly* v. *The Gettysburg Bank*, (7 *Serg. & Rawle* 324), it is held that the reasonableness of notice to an endorser of the non-payment of a promissory note, is a question of fact for the jury. This case was decided in 1821 ; but since then, in consequence of the facility of communication arising from regular mails, and the internal improvements of the country, sounder notions have been entertained. Where there is a question as to the facts, the jury

VI. — 51　　　　21*

[Jones v. Wardell.]

must decide: but where the facts are conceded, the court must determine whether the notice is reasonable. This was the law, as laid down by Lord MANSFIELD in *Tindal* v. *Brown*, since adopted and recognised by this court in *Brittain* v. *The Doylestown Bank*, (5 *Watts & Serg.* 98).

Judgment affirmed.