BILLINGS P. HARDY *versus* JOB NELSON.

If after a question of law has been presented for decision on a report of the Judge presiding at the trial, a motion be made to amend the pleadings, for the purpose of introducing a new matter of defence, it will not be granted, if the proposed defence would not be a valid one.

Where land is conveyed by the defendant to the plaintiff by deed of warranty, and the same premises, at the same time, are reconveyed in mortgage, with like covenants, to secure the payment of the purchase money, or a part thereof; and, afterwards, the plaintiff is evicted from a portion of the premises, and then brings a suit against his grantor, the defendant, upon the covenant of warranty, the money secured by the mortgage still remaining unpaid; the plaintiff is not estopped by the covenants in his mortgage deed

to the defendant, from showing a defect of title, or precluded thereby from maintaining his action.

If a deed conveys land, particularly describing it by metes and bounds, without any reservation or exception in the descriptive part, and contains covenants, that " the aforegranted and bargained premises are free of all incumbrances, except the dower of the widow of J. S." and that the grantor " will warrant and defend the same against the lawful claims and demands of all persons, except the claim of the aforesaid dower;" the tract of land assigned to the widow for dower is not excepted, but the covenants, merely, are so restricted, that they will not bind the grantor to warrant or defend against the life estate assigned to the widow as dower.

When a grantee has been evicted by virtue of a judgment recovered against him, that judgment is legally admissible, in an action upon the covenants of the deed, to prove the fact of eviction, but not, without notice, to prove the superior title of the recovering party. But if the grantor had notice, of that suit and an opportunity to appear and defend, it is evidence against him to prove the title of the party recovering.

Upon the breach of the covenants of warranty in a deed of land, where the grantor was seized when he conveyed the premises, and the grantee entered and continued in possession until evicted, the measure of damages, in this State, is the value of the premises at the time of the eviction, with interest, and the expenses reasonably and actually incurred in the defence of the suit.

COVENANT broken. At the trial before TENNEY J. the parties respectively introduced their evidence, which was all reported ; and then agreed, that if the whole Court should be of opinion, that upon the evidence, the action was maintainable, judgment was to be rendered for the plaintiff, and the Court were to determine the amount of damages. And that if the action was not maintainable, a nonsuit was to be entered.

The material parts of the deeds and papers introduced, and the facts proved by the evidence, necessary to a proper understanding of the questions of law raised in the argument, appear in the opinion of the Court.

*C. J. Abbott* argued for the plaintiff, contending that the covenants in the mortgage deed ought not to prevent the plaintiff from recovering. If they operated as an estoppel, they should have been pleaded as such. But the covenants in a mortgage deed, made as this was, are not an estoppel. 2 Hill, 398 ; 10 Conn. R. 422.

Hardy *v.* Nelson.

The defendant could not have maintained an action upon those covenants.   15 Mass. R. 307.

Here the defendant was seized at the time of the conveyance, and the plaintiff is entitled to recover the value of the land at the time of the eviction, with interest, and the expenses incured to settle the title.

*Hathaway* argued for the tenant.   The several points made by him in defence are stated in the opinion of the Court.

The opinion of the Court, WHITMAN C. J. holding the Court in the county of Washington, at the time of the argument, and taking no part in the decision, was drawn up by

SHEPLEY J. — This suit is upon a covenant of warranty contained in a deed, by which the defendant, on July 21, 1835, conveyed a tract of land on Deer Isle to the plaintiff.   A part of it had been assigned to the widow of John Scott, for her dower, in the year 1795.   Martha Greene, a sister of John and daughter of Nathaniel Scott, recovered judgment against the plaintiff, for four undivided seventh parts of the last named tract assigned to the widow, at a term of this Court holden in July, 1844, and evicted the plaintiff therefrom on September 11, 1845.   The premises thus conveyed to the plaintiff were at the same time reconveyed by him to the defendant in mortgage to secure the payment of the residue of the purchase money, a part of which still remains unpaid.

The defendant pleaded *non est factum,* and general performance.   A motion has been made by his counsel for leave to amend the pleadings, that he may plead in bar the covenants contained in that deed of mortgage.   The case having been presented on a report of the facts proved before the presiding Judge by the consent of parties, a doubt arose whether the amendment could be properly allowed, without a discharge of the report.   The deed of mortgage was introduced as testimony, and its effect upon the plaintiff's right to maintain this action may be considered under the motion to amend;

and if the proposed plea could not be useful to the defendant, it will not be desirable to have leave to plead it.

1. It is contended in defence, that the two deeds, executed between the same parties, at the same time conveying the same premises with like covenants, are to be regarded as parts of the same transaction. That the plaintiff is thereby estopped to allege a defect of title ; and that the proposed plea must be regarded as a good bar to avoid circuity of action. The same points appear to have been made and decided in the case of *Hubbard* v. *Norton,* 10 Conn. R. 422.

*Williams C. J.* says, respecting estoppels, "they must be certain to every intent, and not be taken by argument or inference." Co. Litt. 352. "Norton and Stockwell sell to the plaintiff a piece of land and agree to warrant the title. They take a mortgage of the same grounds with like covenants to secure the purchase money. And it is now claimed, that the last covenants preclude or estop the plaintiff from a right of action on the others, because it is said, they are simultaneous. Unless all principles of common sense are disregarded we must suppose, that the deed of the defendants, conveying the land, in fact preceded that of the plaintiff, which was given to secure the consideration money for the land conveyed." "If then we must consider the plaintiff's deed as subsequent to that of the defendants, it can be no estoppel ; because a warranty of title by the plaintiff, in a subsequent deed, will not prove, that the defendants had title, when they conveyed to the plaintiff, for the plaintiff might at the time, or immediately after, have purchased another title or removed the incumbrance. The contrary is so clearly implied as to become one of those presumptions of law, which cannot be rebutted. To create that legal certainty requisite to constitute an estoppel, the defendant must show, that the plaintiff could have no other title than that acquired by deed of the defendants." "Again it is said, these facts form a good defence, because the law abhors a circuity of action ; and if the plaintiff can recover of the defendants, they can also recover of the plaintiff. This objection presupposes,

what is not admitted, that the plaintiff had not procured a title, when the deed was given, or since that time." "In support of the several objections of the defendants, it was said, that these deeds being given at one and the same time, and for one object are to be considered, as if they were one instrument. It is true, that to give effect to the intention of the parties, such a construction has been given."

"So too, where there is but one instrument, the law will adjudge priority of operation, although it be sealed at one and the same instant. Digges's case, 1 Co. 174, Res. 6. But in this case, the construction contended for by the defendants, would rather tend to defeat, than to carry into effect the intention of the parties."

As the defence proposed to be introduced would not be a valid one, the motion to amend the pleadings is overruled.

2. It is contended, that the covenant of the defendant did not warrant the title to that portion of the land, from which the plaintiff has been evicted.

The deed containing it conveys the whole of the farm formerly owned by Nathaniel Scott by metes and bounds; and it contains covenants, that "the aforegranted and bargained premises, are free of all incumbrances, except the dower of the widow of John Scott;" and that the defendant "will warrant and defend the same against the lawful claims and demands of all persons, except the claim of the aforesaid dower." The argument is, that the words, "except the dower of the widow," make an exception of the tract of land assigned to the widow for dower, and not merely of her life estate in it. Such a construction is inadmissible. That part of the deed, which describes the land conveyed, embraces the whole land without any exception. The only excepting clauses are found in the covenants. The language there is suited only to restrict them, so that they will not bind the defendant to covenant or warrant against the life estate before assigned to the widow for dower.

3. Another objection is, that the judgment recovered by

Martha Green against the plaintiff, is not legal evidence against the defendant, who was not a party to it, nor bound by it.

When a grantee has been evicted by virtue of a judgment recovered against him, that judgment is legally admissible to prove the fact of eviction, but not to prove the superior title of the recovering party. If the grantor however had notice of that suit and opportunity to appear and defend, it is evidence against him to prove the title of the recovering party. *Hamilton* v. *Cutts*, 4 Mass. R. 353; *Blasdale* v. *Babcock*, 1 Johns. R. 517; *Sanders* v. *Hamilton*, 2 Hayw. 282. It appears by the letter of Oct. 14, 1842, that the defendant had notice of the pendency of that suit, and that he urged the plaintiff to defend it, advising him, whom to retain as counsel.

4. This also disposes of another objection, that the plaintiff has not proved the superior title of Martha Green, to more than one seventh part of the premises; for the judgment, shewing that she recovered four sevenths, is at least *prima facie* evidence of her right to do so.

5. It is asserted, that the plaintiff is a discharged bankrupt; that he had conveyed the land or assigned the covenants; that there is no proof of his liability over to any one upon those covenants; and that he cannot for these reasons maintain the action. It may be sufficient to observe, that the case, as presented to the Court for decision, contains no proof respecting these matters.

6. It remains to consider what damages the plaintiff is entitled to recover. The testimony shows, that the defendant was seized, when he conveyed the premises to the plaintiff, who entered and continued in possession until evicted. In such cases the measure of damages for breach of the covenant of warranty is, in this State, the value of the premises at the time of the eviction with interest, and the expenses reasonably and actually incurred in the defence of the former suit. *Gore* v. *Brazer*, 3 Mass. R. 523; *Sumner* v. *Williams*, 8 Mass. R. 222. This amount, to be estimated as stated in a paper de-

posited with the clerk, the plaintiff will be entitled to recover; and the defendant is by agreement entitled to have the same applied to extinguish the amount due on his mortgage.

*Defendant defaulted.*