Shaw, C. J.
Error in fact cannot be assigned, where it contradicts the record, and where the matter of fact might have been put in issue and tried, and a fortiori, when it is 'n fact put in issue and tried. 2 Wms. Saund. 101, note» *222 Were it otherwise, it would always be competent for a party, against whom judgment is rendered, to sue out a writ of error, and assign for error, that the facts on which the judgment proceeded were not true, and thus obtain a new trial. Matter of fact, which contradicts the record, is not assignable for error, and therefore the plea in millo est erratum, does not admit the truth of it; it is in nature of a demurrer, and like a demurrer it admits the facts which are well pleaded. But it ' is often and properly filed where it is intended to insist, and in the present case it does in fact insist, that the matter assigned is not legally assignable for error, and that the defendant in error ought not to be drawn into controversy respecting it. Helbut v. Held, 2 Stra. 684; Whiting v. Cochran, 9 Mass. 532.
A recent case was cited by the plaintiff in error, to show that want of jurisdiction is good ground for reversing a judgment. Jordan v. Dennis, 7 Met. 590. But there the want of jurisdiction depended on matter of law, apparent on the face of the record.
In the present case, the error assigned is, that the court had no jurisdiction, because the suit was brought in the court of common pleas by a plaintiff, whose title in fact was not that of a mortgagee, but of a tenant in fee. This not only does not appear on the face of the record, but contradicts it. The plaintiff below counted on his title as tenant in fee and in mortgage, and this fact was denied by the present plaintiff in error, who offered evidence to prove that the then plaintiff was not a mortgagee; yet he recovered judgment in that capacity, which was considered in this court on exceptions. Waugh v. Riley, 8 Met. 290. On both grounds, we think that the fact, that the original plaintiff was not a mortgagee, and that the court of common pleas had no jurisdiction, was not assignable as an error in fact. No other error is assigned. Judgment affirmed.