Opinion by
White, P. J.
§ 723. Contract in restraint of trade; rules as to validity of; case stated. Appellant Watkins ordered of Morley & Co., a firm engaged at Wellsville, Ohio, in manufacturing and selling iron-stone, china, decorated ware, and American majolica, two bills of their goods: one for majolica, amounting to $54.30, and the other for other goods, amounting to $109.87. The goods were sold to Watkins and ordered for him by one Young, who was a traveling salesman or drummer for Morley & Co. *635 Watkins having refused to pay for the goods, Morley & Oo. sued him in justice’s court, and recovered judgment for the amount claimed, whereupon he appealed to the county court, where judgment was again rendered ■against him for the full amount claimed by Morley & Oo., and all costs. Watkins’ defense to the action was that he was induced to order the goods upon a promise made to him by Young, the salesman, that, if he would order said goods, he, Young, as agent for Morley & Oo., would not sell to any other dealers or party in the town of Weatherford, where Watkins was merchandising, a bill of similar goods, and if he, Young, should do so, then Watkins need not pay for the goods ordered by him; that this agreement had been violated; that Morley & Oo. had sold a duplicate of his bill to another party at Weatherford, and that by the terms of said agreement with Young, he was absolved from liability to pay for said goods. Morley & Oo., in response to this defense, claim, in effect: 1. That no such agreement had been made. 2. That Young had no authority to make such an agreement; and 3. That such agreement, if made, was in restraint of trade and illegal. Held, the last proposition will be examined first. It is a well-settled rule of law that an agreement in general restraint of trade is illegal and void; but an agreement which operates merely in partial restraint of trade is good, provided it be not unreasonable and there be a consideration to support it. [Ohitty on Contracts (8th ed.), 576.J In Oregon Steam Navigation Co. v. Winsor, 20 Wall. (U. S.) 64, it is said: “ There are two principal grounds on which the doctrine is founded, that a contract in restraint of trade, is void as against public policy. One is, the injury to the public by being deprived of the restricted party’s industry; the other is, the injury to the party himself, by being precluded from pursuing his occupation, and,being prevented from supporting himself and family. It is evident that both these evils occur when the contract is general, not to pursue one’s trade at all, or not to pursue *636 it in the entire realm or country. The country suffers the loss in both cases; and the party is deprived of his occupation, or is obliged to expatriate himself in order to follow it. A contract that is open to such grave objections is clearly against public policy. But if neither of those evils ensue, and the contract, is founded on a valid consideration, and a reasonable ground of benefit to the other party, it is free from objection, and. may be enforced . ” “The rules applicable to contracts in restraint of trade are: First, to be valid, the restraint must be partial only; second, it must be founded upon a valuable consideration; and third, it must be reasonable and not oppressive.” [Grassilli v. Lowden, 11 Ohio St. 349; Holmes v. Martin, 10 Ga. 503; 7 Wait’s Act. & Def. 105.]
§ 724. Contracts in partial restraint of trade; instances of. For the contract to be valid, the restraint of trade must be partial only. In Roller v. Ott, 14 Kan. 609, it was held “that a contract entered into upon sufficient consideration, between O. and R., that O. shall not sell furniture in Ottawa to any person except R., is valid; ” and in support of the validity of such a contract the court refers to Dean v. Emerson, 102 Mass. 480; McCurg’s Appeal, 58 Penn. St. 51; Dunlap v. Gregory, 10 N. Y. 241; Beard v. Dennis, 6 Ind. 200; Thomas v. Miles, 3 Ohio St. 274. In the Oregon Steamship Navigation Co. v. Winsor, 20 Wall. (U. S.) 64, it is said: “In like manner a stipulation by the vendor of an article to be used in a business or trade, in which he himself is engaged, that it shall not be used within a ■ reasonable region or distance, so as not to interfere with his said business or .trade, is valid afid binding.”
§ 725. Consideration; what is a sufficient.' The contract must be founded upon a valuable consideration. In Hubbard v. Miller, 27 Mich. 15, it was held: “Contracts in restraint of trade, which, considered with reference to the situation, business and object of the parties, and the light of all the surrounding circumstances, appear to have been made for a just and honest purpose, *637 and for the protection of legitimate interests, and are reasonable as between the parties and not specially injurious to the public, will be upheld; and the weight or effect to be given to the surrounding circumstances is not affected by any presumption for or against the validity of the restriction. Such contracts, if unobjectionable in other respects, require no greater pecuniary or valuable consideration to support them than any other contract; and if objectionable in other respects, no amount of pecuniary consideration will render them valid. When one who is engaged in any branch of business purchases the business and stock of another engaged in the same branch of business, on the condition that the vendor shall not further carry on this particular branch of business within a reasonable extent of territory, such restraint of trade, being reasonable and fair between the parties, will be enforced; and the fact that the price paid does not exceed the cost of the goods does not affect the validity of the contract.” To state a general proposition from the authorities, the rule would seem to be that a consideration which would be legally sufficient to support a simple contract will ordinarily be sufficient to support an agreement for a particular partial restraint of trade. [1 Story on Contracts, § 680; 7 Wait’s Act. & Def. 111.] In Pierce v. Puller, 8 Mass. 222, it was said: “ In cases of limited restraint of trade, where it appears from the special circumstances that the contract is reasonable and useful, it shall be held good. And the consideration must always be shown that the contract may be supported by the special circumstances which induced the making of it. Of these circumstances the court must judge; and if, upon them, it appeax-s to be a just and honest contract, it will be maintained.” In Duffy v. Schockey, 11 Ind. 70, it was held that, “where a contract in restraint of trade is not general, but applies only to a particular person, within prescribed and reasonable limits, it will be enforced. If a person contract to start a shop for the purpose of carrying on a certain trade *638 within a certain territory, and afterwards he open a shop for carrying on that trade without such territory, and solicit and obtain patronage within it, he violates the contract. In the absence of fraud the parties to a contract, if capable of contracting, will be deemed to have determined the adequacy of the consideration for themselves, especially where the amount of such consideration is left in doubt.” We deduce from the authorities that, if the contract is otherwise valid and binding, it will not be void for the want of further pecuniary consideration to support the promise of the party who obligates himself in restraint of his trade; but the consideration will be deemed sufficient, because the parties have so established it for themselves.
§ 726. Restraint must be reasonable, etc. The contract, to be valid, must be reasonable and not oppressive. In the discussion heretofore had we have, to a great extent, stated the rules which are applicable to this requisite of the validity of a contract in restraint of trade, and a further elaboration is not necessary. Our conclusion with reference to the contract between Watkins and Young is, that it is not a contract in restraint of trade such as is against public policy and void; but that it is a-valid contract, and as such enforceable.
§ 727. Principal bound by contract made by agent, when. As to whether such a contract as is alleged by Watkins was in fact made by Young is a question of fact upon which the evidence is conflicting. Assuming, however, that the contract was made as alleged, did Young have authority to bind Morley & Oo. by such a contract? We are of the opinion that he did. A right to make such a contract, it seems to us, was within the scope of his apparent authority. It is a well settled rule of law that the principal is bound by the act of his agent done within the scope of his apparent authority in dealing with innocent third persons, although such act may be in direct violation of his private instructions. [Merriman v. Fulton, Hensley & Cross, 29 Tex. 97.]
*639 May 23, 1885.
§ 728. Damages for breach of contract; liquidated when. But it will be asked, in case the contract as alleged by Watkins was made, and is binding upon Morley & Co., and has been violated by the latter in the manner alleged by the former, what should be the measure of Watkins’ damages? Shall he be allowed to hold the goods without paying anything for them? We think he would hold the goods as his damages. That was the stipulation in the contract, and in law such a stipulation is treated as liquidated damages, and not as a penalty. Where an agreement provides that a certain sum shall be paid in the event of performance or non-performance of a particular specified act, in regard .to which damages, in their nature uncertain, arise in case of default, and there being no words evincing an intention that the sum reserved in case of a breach shall be viewed only as a penalty, such sum may be recovered as liquidated damages. [W. & W. Con. Rep. §§ 288, 1112.]
Reversed and remanded.