" It was the duty of the defendant in the construction of its cars to provide against every danger to passengers that was probable and to be reasonably apprehended, but they were under no duty to guard against such as were so' remote as to be barely possible.   The mere fact that the plaintiff while a passenger was injured does not raise the presumption of negligence so as to shift the burden of proof on the defendant, as the evidence clearly shows the cause of the accident : Penna. R. R. v. MacKinney, 124 Pa. 462 ; Farley v. Traction Co., 132 Pa. 58."

*Errors assigned* were, (1) entry of nonsuit; (2) discharging the rule to take off the nonsuit.

*Charles H. Sayre, George Sergeant* with him, for appellant.

*Samuel Gustine Thompson,* not heard, for appellee.

PER CURIAM, April 25, 1892.

This case has been so well discussed by the learned judge of the court below, in his opinion refusing to take off the nonsuit, that we affirm the judgment for the reasons there given by him.

Judgment affirmed.


## Stockton *v.* Gould, Appellant.

*Real estate—Written contract for exchange—When not merged in subsequent deed—Assumption of mortgage.*

A written contract for the exchange of real estate by which each party expressly assumes the mortgage on the property to be conveyed to him, is not merged in deeds subsequently executed for the premises in question containing no express assumption of the mortgages.

Argued April 7, 1892.   Appeal, No. 280, Jan T., 1892, by defendant, John H. Gould, from judgment of C. P. No. 4, Phila Co., Dec. T., 1890, No. 724, on verdict for plaintiff, William R. Stockton.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit for damages for breach of written contract.

The evidence, on the trial before THAYER, P. J., was to the following effect : Plaintiff and defendant, by a written agree-

ment under date of Sept. 11, 1888, agreed to an exchange of real estate; defendant agreeing to convey to Stockton a property " subject to a mortgage debt of $3,500, which the said Stockton his heirs and assigns assumes and agrees to pay; " and plaintiff agreeing to convey to defendant a property " subject to the mortgage debt of $6,300, which the said John H. Gould assumes for himself his heirs and assigns and agrees to pay." A deed was subsequently executed by each of the parties to the son of the other, the deed to defendant's son containing the following clause: " Under and subject to the payment of a certain mortgage debt or principal sum of $6,300, with the interest hereafter to accrue and grow due thereon, secured on the above described premises by indenture of mortgage given and executed by the said William H. Stockton," etc. The property conveyed by plaintiff to defendant's son was sold at sheriff's sale under proceedings instituted on the mortgage; the deficit on the mortgage debt the plaintiff was obliged to pay; and this suit was brought by him to recover that amount. The mortgage on the property conveyed by defendant to plaintiff's son was paid by a subsequent vendee. No evidence was offered by defendant. His points, refused, were:

" 1. The contract of September 11, 1888, whereby defendant Gould agreed to purchase certain property and assumed, for his assigns, as well as for himself and his heirs, the payment of a certain mortgage debt thereon, was, as to said provision, merged in the subsequent conveyance of September 26, 1888, by plaintiff to James G. Gould, containing another and different provision on the same subject." [1]

" 2. Premises No. 118 North Thirty-second street having been conveyed by plaintiff to James G. Gould, and having subsequently been sold and conveyed by the sheriff of Philadelphia county to a third person, there can now be no recovery against the defendant, John H. Gould, on his agreement to pay the mortgage on said premises." [2]

3. The verdict should be for the defendant." [3]

The court instructed the jury to find a verdict for the plaintiff.

*Errors assigned* were (1–3) the refusal of the defendant's points as above, quoting them; (4) the instruction to find for plaintiff.

*J. Howard Gendell,* for appellant.

*John Hampton Barnes,* not heard, for appellee.

PER CURIAM, April 25, 1892.

Judgment affirmed.

## Tunis et al. *v.* Hestonville, Mantua & Fairmount Pass. R. R. Co. et al., Appellants.

[Marked to be reported.]

*Corporation—Supervision of, by court of equity—Election—Appointment of master—Act of June 16, 1836.*

Under the act of June 16, 1836, § 13, the courts of this commonwealth have the jurisdiction and powers of a court of chancery, so far as relates to the supervision and control of all corporations other than those of a municipal character. This power includes that of supervising and controlling the election of directors, whenever it is made to appear that, by means of fraud, violence, or other unlawful conduct on the part of the corporators, a fair and honest election cannot be held. Under the equity rules, the court may appoint a master, pro hac vice, in any particular case.

*Stock held by executors—Difference of opinion as to how it should be voted.*

At a corporate election each vote must be cast in person or by proxy; and the right to vote cannot be separated from the ownership without the consent of the legal owner; therefore, where stock is held by executors who differ as to how it should be voted, it cannot be voted at all.

*Proxy—Provision in will as to.*

Where the testator directed that certain stock should be voted as his son should direct and appoint, and that his executors should give a proxy or authority to vote said stock as the son may desire to vote it, the son being one of the executors: *Held,* that not having received such a proxy or authority, the son could not vote the stock in the face of a dissent by his coexecutors. Whether or not he could compel his coexecutors to give him such a proxy or authority, not decided.

Argued April 7, 1892. Appeal, No. 432, Jan. T., 1892, by defendants, the Hestonville, Mantua & Fairmount Passenger Railroad Company, Charles H. Lafferty and others, from decree of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 399, dismissing the exceptions to and confirming report of master, etc.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.