# J. C. Lehman *v.* George W. Paxton, Appellant.

*Contract—Covenants in agreement—When not merged in deed.*

The rule, that the acceptance of a deed in pursuance of a contract of sale is presumably in satisfaction of all previous covenants, is not without exceptions. A contract remains binding as to further stipulations, contained in it, conferring valuable rights on the vendee and forming part of the consideration on which he contracted to pay the purchase money and accept the deed. An agreement to convey clear of all incumbrances not embodied in terms in the deed is an obligation subsisting and enforceable.

Argued March 15, 1898. Appeal, No. 12, March T., 1898, by defendant, from judgment of C. P. Cumberland Co., Aug. T., 1895, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before E. W. BIDDLE, P. J.

It appears from the record that plaintiff purchased from defendant certain mountain land in Cumberland county. Under the written agreement for the sale of the land the defendant covenanted to convey clear of all incumbrance. After the execution of the deed certain unpaid purchase money due the commonwealth amounting to $322.66, with interest at the date of the trial amounting to $161, was discovered, which unpaid purchase money was paid by the plaintiff and suit brought by him to recover under the covenants in the agreement as to incumbrances.

The court below directed a verdict for plaintiff. Defendant appealed.

· *Errors assigned* were (1) in its answer to the sixth point of plaintiff, as follows : " 6. That under the covenants in agreement of March 2, 1880, the plaintiff is entitled to recover the incumbrance paid to the commonwealth for unpaid purchase money due it, to wit: $421.04, and interest from October 28, 1888. *Answer :* When a conveyance is accepted as full performance of the terms of an article of agreement, the party who accepts it is not permitted to allege that some part of the article remains to be carried out; yet instances occur when a conveyance amounts only to part performance. It has been held in a recent case (McGowan v. Bailey, 146 Pa. 572) that a stipulation which is contained in a contract for the sale of land, but is omitted from the deed executed in pursuance of the contract, will not be extinguished by merger, when its place is not taken or supplied by the express or implied operation of the provisions which the deed contains. In the contract of sale of March 2, 1880, there is a covenant by Paxton to convey clear of all incumbrances, and this contract was retained by Lehman in the safe of his attorney after he had received the deed, and has never been canceled or destroyed by the parties. We are of

opinion that the defendant is liable for a breach of said covenant, and the point is therefore affirmed, with the qualification, however, that only a proportionate part of the specified sum is due, viz: $322.66, with interest from October 18, 1888, $161, making a total of $483.66, per calculation submitted by the parties." (2) In its refusal of defendant's first point, as follows: "1. The presumption, prima facie, is, that all covenants in the article of agreement of March 2, 1880, are merged in the deed of March 8, 1880, and the burden is upon the plaintiff to show that the covenant as to incumbrances was not so merged, by evidence, clear and manifest. The plaintiff having failed to show by such testimony that the intention was not to merge in said deed said covenant as to incumbrance, there can be no recovery for the purchase money paid to the commonwealth by the plaintiff on the Cookson survey of October, 1888."

*J. W. Wetzel* of *Wetzel & Hambleton*, with him *John Hays*, for appellant.—Articles of agreement for the purchase of land become merged in the conveyance and are thenceforth null and void: Creigh v. Beelin, 1 W. & S. 83; Cronister v. Cronister, 1 W. & S. 442.

The presumption of law is, that the acceptance of a deed in pursuance of articles of agreement, is satisfaction of all previous covenants: Seitzinger v. Weaver, 1 Rawle, 377; Jones v. Wood, 16 Pa. 25; Shontz v. Brown, 27 Pa. 123; Close v. Zell, 141 Pa. 390.

This presumption is prima facie, and the burden is on the plaintiff to show the contrary, that is, fraud, accident, mistake, or an intention to except the covenant from such merger, by evidence clear, satisfactory and manifest: Seitzinger v. Weaver, 1 Rawle, 377; Close v. Zell, 141 Pa. 390.

The presumption of law, that all covenants in said agreement are merged in the deed, is not overcome by proof clear and manifest, and therefore the court below erred in arbitrarily directing the jury to find for the plaintiff the amount of money paid the commonwealth, and the judgment should be reversed as to this part of the case.

*S. M. Leidich* and *W. F. Sadler*, for appellee.—A purchaser may recover on the covenants of an agreement for sale of land

where the delivery of the deed is only a part performance and does not exhaust the full intent of the covenants which remain as a part of the consideration for the conveyance: Neil v. Thompson, 4 Watts, 405; Richardson v. Gosser, 26 Pa. 335; Cox's Admr. v. Henry, 32 Pa. 18.

OPINION BY PORTER, J., April 25, 1898:

The defendant entered into a sealed written agreement with the plaintiff to convey a fee simple title to a certain tract of land for a price named, "clear of all incumbrances." Pursuant thereto, a deed was executed and delivered between the parties. Subsequently the grantee was compelled to pay a lien filed for unpaid purchase money, due the commonwealth. This suit raises the question whether the grantee can recover from the grantor, the amount so paid.

The court below directed a verdict for the plaintiff, on the ground that the stipulation contained in the agreement of sale to convey "clear of all incumbrances" was not merged in the deed subsequently executed, and that therefore the plaintiff was entitled to recover.

It has been held that the acceptance of a deed in pursuance of a contract of sale is presumably in satisfaction of all previous covenants. The rule is not, however, without exceptions. In Selden v. Williams, 9 Watts, 9, it is said "the deed is in many cases to be considered not as a merger of the contract, but as a part performance of it. The contract remains binding as to the further stipulations contained in it, conferring valuable rights on the plaintiffs and forming part of the consideration on which they contracted to pay the purchase money, and accept the deed." See also Brown v. Moorhead, 8 S. & R. 569; Anderson v. Long, 10 S. & R. 55: Neil v. Thompson, 4 Watts, 405.

In the present case, the agreement of sale was left in the possession of the attorney for the vendee. The language used in Cox v. Henry, 32 Pa. 18, is pertinent. "Where there is a covenant of warranty entered into at the time of the contract for the sale of land, and a similar covenant is embodied in the deed afterwards accepted, the first covenant is merged in the last, so far as regards the measure of damages. But a special covenant to indemnify the vendee against all costs, charges, and damages, on account of any action that might be brought against him by

any claimant of the land, retained by the vendee, after receiving the conveyance, in which there is no similar covenant, is not merged in or extinguished by such deed."

This distinction is borne out by the later cases. In Stockton v. Gould, 149 Pa. 68, it was held that a written contract for the exchange of real estate by which each party assumed the mortgage on the property to be conveyed to him was not merged in deeds subsequently executed containing no expressed assumption of the mortgages. See also, McGowan v. Bailey, 146 Pa. 572.

In Close v. Zell, 141 Pa. 390, Mr. Justice GREEN sustains a parol stipulation by a vendor to refund purchase money on failure of title, and holds that it was not merged in the deed. The opinion is exhaustive, and contains this language : " It thus appears from the cases now cited that, whether the agreement for indemnity was made before or at the time of the sale, or afterwards, the right to recover indemnity in an action on the special agreement is sustained, and that whether the agreement was by writing or in spoken words is a matter of indifference. Such an agreement is not merged in the deed if made before or at the time of the deed, and is not destroyed by a covenant of general warranty in the deed if made thereafter." This determines the case in favor of the appellee.

The appellant here is in this position. If the clause of general warranty in the deed is broad enough to support the present action, then the agreement to convey clear of all incumbrances is superseded by the provisions of the deed. If the clause of general warranty does not comprehend the agreement to convey clear of all incumbrances, then such agreement is not merged in the deed. The execution of the deed superseded the contract to convey to the extent that the deed included the provisions of the contract. The provisions which are not included, still remain of force by virtue of the original contract. The use of the word " merge " in this connection is perhaps not accurate. The agreement does not merge in the deed, but is superseded by the deed. The agreement to convey clear of all incumbrances is not embodied in terms in the deed in this case. It is therefore an obligation subsisting and enforceable.

The assignments of error are dismissed, and the judgment of the court below is sustained.