## Robert Wilson and Alexander Wilson, Jr., v. John Pearl, Appellant.

*Contract for sale of land—Consideration—Mistake in payment—Evidence —Merger.*

The obligation of the contract of a purchaser of land to pay a stipulated sum survives the delivery of the deed of conveyance unless he has discharged it by a compliance with the terms of the contract or has been released from it, and the fact that he has paid the consideration mentioned in the deed is not conclusive of that question. It is competent to prove by parol a money consideration greater than that mentioned in a deed or a consideration not mentioned if it be not directly inconsistent with that expressed.

The doctrine of merger of the preliminary contract in the deed does not apply; nor does any mere negligence of the vendor in making the mistake at the settlement preclude him from showing the true amount.

Argued Oct. 5, 1899. Appeal, No. 79, Oct. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1897, No. 688, for want of a sufficient affidavit of defense. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and Beeber, JJ. Affirmed. Opinion by Rice, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiffs for $257.06. Defendant appealed.

*Error assigned* was in entering judgment for want of a sufficient affidavit of defense.

*William A. Carr*, with him *W. Horace Hepburn*, for appellant.

*John M. Ridings*, for appellees.—This case is analogous to the case of money paid under a mistake of fact which the courts have repeatedly decided may be recovered back: Meredith v. Haines, 14 W. N. C. 364 ; Kelly v. Solari, 9 M. & W. 54.

In Laurence v. American Bank, 54 N. Y. 432, it was decided that even negligence in making a mistake does not change the position.

OPINION BY RICE, P. J., December 11, 1899:

The plaintiffs alleged in their statement of claim that they contracted with the defendant to convey to him a certain lot for which he promised to pay $5,000. As this allegation was not controverted in the affidavit of defense, we must assume that it expresses the whole agreement. The deed subsequently delivered was for the expressed consideration of $2,800, and by its terms the title was taken subject to a yearly ground rent of $132. Upon delivery of the deed the defendant paid $500 in cash, gave a mortgage for $2,300, and retained $2,200 of the purchase money on account of the ground rent above referred to, it being assumed by both parties that that was the exact amount required to extinguish the same. But it is undisputed that more than two years before this transaction the principal of this ground rent had been reduced to $2,000. This fact was not known to the defendant, and by inadvertence was overlooked by the plaintiffs, when the deed was delivered. As a consequence of this mistake of fact, $200 of the purchase price of the land remains unpaid. This is not denied by the defendant, but his contention is that the plaintiffs' remedy is not by action at law, but in a court of equity, and that all they can rightfully claim is an additional ground rent of $200. There would be plausibility in the latter contention if the defendant's agreement had been to pay $2,800 for the land and assume payment of a ground rent of $2,200. But, as we have seen, this was not the contract. The defendant promised to pay $5,000 for the land, and when the parties met to carry out the contract elected to take the title subject to the existing charge, and to be relieved to that extent from payment directly to the plaintiffs. It is not distinctly alleged, nor is it fairly to be inferred from the clause in the deed, that the parties contemplated the creation of a new charge, or a release of the defendant from his obligation beyond the amount of the existing charge. But both parties being mistaken as to the sum required to extinguish it, and consequently as to the balance that the plaintiffs were entitled to receive, the money consideration as expressed in the deed was $200 less than the defendant promised and was legally bound to pay. The rule that a contract for the sale of land is superseded by or merged in the deed of conveyance, has no application in such a case. See Close v. Zell, 141 Pa. 390;

Lehman v. Paxton, 7 Pa. Superior Ct. 259, and cases there cited. The obligation of the contract of a purchaser of land to pay a stipulated sum survives the delivery of the deed of conveyance, unless he has discharged it by compliance with the terms of the contract or has been released from it, and the fact that he has paid the consideration mentioned in the deed is not conclusive of that question. That it is competent to prove by parol a money consideration greater than that mentioned in a deed, or a consideration not mentioned, if it be not directly inconsistent with that expressed, is too well settled to require the citation of authorities. As an illustration of the extent to which this principle has been carried, we refer to Buckley's Appeal, 48 Pa. 491, where it was held that it was competent to prove by parol that a purchaser who took property subject to an incumbrance expressly charged in the deed also took subject to another incumbrance not mentioned, and, therefore, that he was not entitled to deduct its amount from the unpaid purchase money. See also Schotte v. Meredith, 192 Pa. 159. We are clear that neither any rule of evidence nor the rule as to the merger of a preliminary contract in the deed of conveyance debars the plaintiffs from alleging and proving the true consideration for the sale, and that through mistake the consideration was incorrectly stated in the deed. Nor does the fact that the mistake as to the amount of the charge, subject to which the defendant took the land, was due in part to the plaintiffs' carelessness preclude them from showing the true amount for the purpose of ascertaining the balance of purchase money that remains unpaid. Negligence in making a mistake does not necessarily, and under all circumstances, deprive the party of his remedy on account thereof. It is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled, and which in equity and good conscience he ought not to retain, that gives the right of action. It has been held that money paid by the plaintiff to the defendant under a bona fide forgetfulness of facts which disentitled the defendant to receive it, may be recovered : Meredith v. Haines, 14 W. N. C. 364, and see cases there cited. The plaintiffs' right of action is clearer than that of one who has paid money under a mistake of fact, because it rests on an express promise which the defendant has neither fulfilled nor been released from.

Judgment affirmed.