## Gangloff *v.* Smaltz, Appellants.

*Vendor and vendee—Deed—Variation between agreement and deed.*

Where an agreement in writing for the sale of land states that the land conveyed is to be subject to a mortgage of $1,300, but the deed and the purchase money mortgage made after the agreement recite that the conveyance is subject to a payment of interest on two dower charges of $900 and $400 respectively, the purchaser in proceedings against him under the purchase money mortgage cannot set up as a defense damages for the breach of the agreement in respect to the character of the incumbrances.

Argued Oct. 25, 1901. Appeal, No. 166, Sept. T., 1900, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1900, No. 166, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Joseph Gangloff and Catherine E., his Wife, v. Theophilus W. Smaltz and Laura A., his Wife. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Scire facias sur mortgage.

The facts sufficiently appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*William Morgan Montgomery*, with him *John Cromwell Bell*, for appellants.—Under the law of Pennsylvania, appellants being purchasers of the premises in question under a deed of special warranty and being sued for the purchase money, may show in defense any defect in the title: Steinhauer v. Whitman, 1 S. & R. 438; Murphy v. Richardson, 28 Pa. 291; Hart v. Porter, 5 S. & R. 201; Tod v. Gallagher, 16 S. & R. 260; Lighty v. Shorb, 3 P. & W. 452; Withers v. Atkinson, 1 Watts, 248; Hoffman v. Lee, 3 Watts, 352; Ludwick v. Huntzinger, 5 W. & S. 51; Ross's App., 9 Pa. 496; Yard v. Patton, 13 Pa. 284; Murphy v. Richardson, 28 Pa. 288; Cadwalader v. Try, 37 Pa. 318; Thomas v. Harris, 43 Pa. 231.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellees.—Assuming that the charges were not of record and were not recited in the deed and mortgage, the defendants by failing to deny knowledge of their existence at the time of accepting the deed and executing the mortgage cannot claim a set-off in an action for purchase money: Wilson's App., 109 Pa. 609; Lehman v. Paxton, 7 Pa. Superior Ct. 263; Stewart v. Trimble, 15 Pa. Superior Ct. 516; Lea v. Love, 14 W. N. C. 75.

OPINION BY WILLIAM W. PORTER, J., December 2, 1901:

On January 18, 1899, the plaintiffs agreed in writing to sell the defendants a certain piece of real estate for a specified price and subject to a first mortgage of $1,300. On September 1, 1899, this agreement was carried out by the delivery of a deed for the premises, by the plaintiffs to the defendants, in which nothing is said of a mortgage of $1,300, but the deed recites that the conveyance is subject to a payment of interest on two dower charges of $900 and $400 respectively. Contemporaneously with the conveyance and as part of the purchase money, the defendants gave to the plaintiffs a mortgage for $1,400. In this mortgage it is also recited that the premises have been conveyed to the mortgagor subject to the payment of the interest on the

sums of $900 and $400, as described in the deed. Suit is brought on this mortgage. The substance of the present contention is that the defendants are entitled to set up the breach of agreement to convey subject to a mortgage of $1,300.

We have held that an agreement to convey is superseded by the deed executed pursuant thereto to the extent that the deed works a performance of the terms of the agreement: Lehman v. Paxton, 7 Pa. Superior Ct. 259. In the agreement before us there is a stipulation in regard to the incumbrance to be put upon the property when title is made, namely, that it shall be a mortgage for $1,300. In the deed executed subsequently to, but evidently in pursuance of, the agreement, there is a recital of the incumbrances upon the property when the deed was delivered and accepted, showing them to be two dower charges. It is thus apparent that the grantees acquired knowledge of the existence of the dower charges before accepting a conveyance, (see Wilson's Appeal, 109 Pa. 606) and that there was a change in the terms of the sale respecting the incumbrances to remain. But acquiescence in such change and the supersession of the terms in the agreement by new terms in the deed accepted, is manifest from the writings. Under these circumstances, we think that damages for breach of the agreement in respect to incumbrances cannot now be set up in defense of the mortgage in which the new stipulations respecting the incumbrances appear in expressed terms.

The judgment is affirmed.