# Buchanan, Appellant, *v.* Dawson.

*Vendor and vendee—Suit for purchase money—Prior agreements—Fraud—Evidence.*

In an action by a vendor to recover the balance of purchase money, where it appears that the vendee had given a bond to secure such balance, and at the same time had accepted a deed of general warranty, he cannot set up as a defense a prior written agreement not produced, and whose existence is denied by the plaintiff, alleging that the vendee was not to pay interest until a certain incumbrance was removed, and it appears that the vendee knew of the incumbrance, and the bond stipulated for interest, and the vendee does not allege that there was any fraud, accident or mistake, or that he was induced to sign the bond by reason of any alleged written or parol agreement.

A deed constitutes the final agreement between the vendor and vendee, and is presumed to supersede all other agreements different therefrom.

Argued May 13, 1907.   Appeal, No. 11, April T., 1907, by plaintiffs, from judgment of C. P. Beaver Co., June T., 1902, No. 207, on verdict for plaintiff in case of John M. Buchanan for use of Edward J. Allison, Cashier, now for use of William Morrow v. Thomas C. Dawson.   Before RICE, P. J., HENDERSON, ORLADY and BEAVER, JJ.   Reversed.

Issue to determine liability under a judgment entered on a bond. Before HOLT, P. J.

At the trial when the defendant was on the stand the following offer was made:

Mr. Weyand: We propose to ask the witness on the stand if anything was stated in the agreement as to when the deed was to be delivered, and that no rent or interest was to be paid until the delivery of the deed; this for the purpose of showing that no interest or rent was to be charged until the deed for the property free of incumbrance was delivered by John M. Buchanan to the witness.

Objected to, (1) as suggestive of an answer; (2) as leading; (3) as incompetent and immaterial, the witness having already testified what the agreement contained; (4) and that anything said outside cannot vary a written agreement for the sale of land, for the reason that agreements for the sale, by the statute, must be in writing; and the variations must have the like solemnity.

The Court: With the understanding that you will follow this up closely, we overrule the objection, permit the question, and seal a bill of exceptions to the plaintiff. [1] (Question read to witness.)

The Court (To the witness): Answer now to nothing except what was written in the agreement; any verbal matter that was not placed in the agreement by writing you cannot give; only such things as were written in the paper.

Question read to witness.

" A. The agreement did not state when he was to give me the deed, but I was to make the first payment upon receipt of the deed, free of all incumbrance, and to have free use of it in the meantime."


The court charged in part as follows:

One of the important matters for you to determine, gentlemen, is whether there was written agreement between Mr. Buchanan and Mr. Dawson for the purchase of this property, in which was written a provision that the defendant should not be required to pay any interest, or rent, upon the property, until such time as a deed free of all incumbrance should be made. That is the first question for your determination, gentlemen.

Now, gentlemen, if you find that such an agreement did exist, and that it was an agreement in writing, because there is no evidence before you of an agreement not in writing, or a parol agreement, but if you find that there was an agreement in writing containing a provision that the defendant was to occupy the property free until a deed free from incumbrance should be made, then we say to you that under the law the defendant would not be liable for interest, up until the time of the making of the deed. We further say to you, as matter of law, gentlemen of the jury, that upon the execution and delivery of that deed, and acceptance of it by the defendant and the occupation of the property under it, the defendant accepting it under the belief that the lien had been removed, and if Mr. Buchanan believing that the lien did not exist any longer, made the deed, that changed the relations of the parties ; and the defendant would be required under the law, if he kept the deed, and the possession of the property, to pay interest from that time until the present date on that bond. And if you find that the agreement which he sets up did exist —an agreement in writing that he was to be relieved until the deed was made, then under the law he would have to pay interest from April 1, 1900, according to the stipulation of the bond, down to the present time, notwithstanding the existence of the incumbrance. [2]

Verdict and judgment for plaintiff for $1,113.30. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3) refusal to give binding instructions for plaintiff for full amount of the debt, interests and costs.

*James L. Hogan*, with him *J. F. Reed*, for appellants.

*Forest G. Moorhead*, with him *Edwin S. Weyand*, for appellee.

OPINION BY HENDERSON, J., October 7, 1907 :

The bond out of which this litigation arises was given by the defendant to the legal plaintiff on May 3, 1902, to secure the purchase money of a farm for which a deed of general warranty was that day delivered by the plaintiff to the defendant.

The execution of the obligation is not denied, nor is the liability of the defendant for the payment of the principal of the bond disputed.    The contention is about the payment of interest and costs.    The defendant alleged that he entered into a written agreement with the plaintiff for the purchase of the land in the fall of 1899; that there was a mortgage lien then on the property and that it was agreed between him and the plaintiff that he should enter into possession of the premises and have the free use of the property and that no interest should be charged until a deed was delivered free from incumbrance.    No agreement of the kind alleged by the defendant was produced at the trial and its existence was denied by the plaintiff who claimed the negotations were oral up to the time the deed and bond were executed.    The court submitted to the jury the question whether there was a written agreement of the character claimed by the defendant, with the instruction that if they found that such a contract existed the defendant would not be liable for interest until the time of making the deed.    If it be conceded that there was sufficient evidence to warrant a conclusion of the existence of the contract set up by the defendant, the instruction given by the court had not due regard to the effect of the delivery of the deed and bond, May 3, 1902.    These instruments constituted the final agreement of the parties on the subject and are presumed to supersede any other agreement different therefrom and are to be considered the obligation by which the parties consented to be bound.    Crotzer v. Russel, 9 S. & R. 78; Moser v. Miller, 7 Watts, 156; Gangloff v. Smaltz, 18 Pa. Superior Ct. 460; Krueger v. Nicola, 205 Pa. 38, and many other cases hold that the deed of conveyance being the last act of the parties overrules all previous agreements between them in any way contradictory thereto.    The defendant's obligation bound him for the payment of interest from April 1, 1900.    The agreement set up left the date from which the payment of interest was to be computed indefinite.    The provision of the bond, therefore, superseded any previous stipulation or arrangement on that subject.    It is not shown that any fraud was perpetrated by the plaintiff in procuring the execution of the bond.    The defendant's own evidence shows that he knew of the existence of the incumbrance and accepted the deed with knowledge of that fact.    In

order to avoid the effect of the obligation it was incumbent on the defendant to prove fraud, accident or mistake in its execution and to do that by clear, precise and indubitable evidence. The only evidence offered tending to vary the terms of the obligation or to relieve the defendant from its literal effect, was the plaintiff's testimony and it falls far short of exhibiting grounds for equitable relief. There is no pretense that the bond was signed without a full understanding as to its legal effect or that any misrepresentation was made as an inducement to the defendant to sign it, or that it was signed on the strength of a contemporaneous parol agreement without which it would not have been executed, or that any artifice or fraud was practiced by the plaintiff as the result of which it was delivered. The defendant contracted to pay the purchase money in the manner set forth in the obligation. His undertaking is under seal and he has not shown any facts which relieve him from the burden it cast upon him. The title to the land vested in the defendant when the deed was delivered, and the consideration secured by the bond was not only the purchase money but interest from April 1, 1900. The defendant went into possession and enjoyed the profits of the land, the incumbrance was extinguished before the trial of the cause and it would be inequitable if the defendant should have both the land and the purchase money and not be accountable for either. Moreover, there was no attempt on the defendant's part to rescind the contract because of the existence of the incumbrance, nor a tender of a reconveyance of the land at any time. He had the use of the land and has a clear title. The plaintiff was, therefore, entitled to an unqualified affirmation of the point asking binding instructions in favor of the plaintff for the amount due as indicated by the bond on which the judgment was entered.

The judgment is reversed and a new venire awarded.