## WHITE v. MURRAY.

### (District Court, W. D. Pennsylvania. December 29, 1914.)

### No. 29.

1. COVENANTS (§ 96*)—BREACH—MISTAKE OF LAW.

Where the receiver of a national bank sold certain real property to complainant, which had previously belonged to the bank, though the title was in the name of the president, contracting to convey clear of all incumbrances, and it was afterwards determined that a judgment against the president was a lien on such property, the receiver was not relieved from liability on his covenant, on the theory that the breach resulted from a mistake in a matter of opinion or law.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 111–129; Dec. Dig. § 96.*]

2. DEEDS (§ 94*)—COVENANTS—MERGER—CONTRACT TO CONVEY—DEED.

Where the receiver of a national bank contracted to convey to complainant certain premises belonging to the bank, the contract containing a covenant against incumbrances, but the deed executed in performance of the contract was one of special warranty, without a covenant against incumbrances, the covenant in the contract did not merge in the deed, so

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that, on the purchaser losing her title by reason of a pre-existing incumbrance, she was entitled to recover the purchase money, etc., in an action on the covenant in the contract.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 266; Dec. Dig. § 94.*]

In Equity. Suit by Catherine White against Charles C. Murray, receiver of the Ft. Pitt National Bank. Decree for complainant.

John D. Brown and John E. Winner, both of Pittsburgh, Pa., for plaintiff.

W. S. Moorhead, of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. This is a bill filed to recover from the receiver of the Ft. Pitt National Bank the purchase money paid by plaintiff on a sale to her of certain real estate by the receiver, the title to which she afterwards lost by dispossession in an action of ejectment.

## Findings of Fact.

First. On August 10, 1901, the Ft. Pitt National Bank of Pittsburgh purchased a certain lot of ground situate in the Twelfth ward of the city of Pittsburgh, on which was erected a brick dwelling house, known as No. 531 Turrett street. The title to the property was taken in the name of Andrew W. Herron, who was then president of the bank. Afterwards, to wit, on January 31, 1902, Mr. Herron executed a declaration of trust in favor of the bank; but this instrument was not recorded until May 5, 1908.

Second. On December 6, 1907, the said Ft. Pitt National Bank was found and declared to be insolvent by the comptroller of the Currency of the United States, and Charles C. Murray was appointed and duly qualified as receiver of said bank.

Third. On March 26, 1908, prior to the recording of the declaration of trust, the Rochester Trust Company recovered a judgment against Andew W. Herron in the sum of $5,103.28.

Fourth. On May 29, 1908, the said Andrew W. Herron and wife conveyed said property to the receiver of said bank, the deed being recorded on June 5, 1908.

Fifth. On October 7, 1909, Charles C. Murray, receiver entered into an article of agreement with Catherine White, the plaintiff herein, wherein the said receiver, for himself, his successors and assigns, did covenant, promise, grant, and agree to and with the said Catherine White, her heirs and assigns, that he, the said receiver, on or before December 1, 1909, at the proper costs and charges of the said receiver, his successors and assigns, would by deed of special warranty well and sufficiently grant, convey, and assure unto the said second party, her heirs and assigns, in fee simple, *clear of all incumbrances,* the land hereinbefore referred to, for the consideration of $4,200. Two hundred dollars hand money was paid by the purchaser on the execution of the agreement; it being therein provided that the same was to be refunded if the title to the property is not clear, or cannot be made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

clear, or in the event that the sale was not ratified and approved by a court of competent jurisdiction.

Sixth. The said Charles C. Murray, receiver, on the 15th of November, 1909, presented his petition to the Circuit Court of the United States for the Western District of Pennsylvania, at No. 30 May term, 1909, in equity, setting forth the terms and conditions of the said agreement of sale, and praying that the court approve and ratify the same, and thereupon the court made an order and decree as follows:

"The prayer of said petitioner is granted, and said Charles C. Murray, receiver of the Ft. Pitt National Bank of Pittsburgh, is hereby authorized and empowered to sell and convey by proper deed of conveyance in fee simple to Catherine White, her heirs and assigns, for the price or sum of $4,200, and upon the terms mentioned in the written agreement, a copy of which is attached to said petition and marked 'Exhibit A,' all that certain lot," etc. (describing the property in question).

Seventh. In pursuance of said decree the said receiver, on the 16th of November, 1909, executed and delivered to the said Catherine White a deed for the said land. The deed recites the agreement of sale, the presentation of his petition to the court, that the sale was by the court ratified and approved at the price and upon the terms stated in said agreement, and the receiver authorized and empowered to execute and deliver a deed for said property. The deed contains the following clause by way of special warranty:

"And the said party of the first part hereby covenants, promises, and agrees to and with the said party of the second part, her heirs and assigns, by these presents, that he, the said party of the first part, has not done, committed, or knowingly or willfully suffered to be done or committed, any act, matter, or thing whatsoever, whereby the premises hereby granted, or any part thereof, is, are, shall, or may be impeached, charged, or incumbered in title, charge, estate, or otherwise."

Eighth. After the plaintiff had received a deed for said property, and had paid the consideration in full, a writ of execution was issued upon the aforesaid judgment of the Rochester Trust Company against Andrew W. Herron, and the property of the plaintiff was levied upon and sold by the sheriff of Allegheny county to the plaintiff in the judgment.

Ninth. Subsequently the Rochester Trust Company, by virtue of the title acquired by it under said sheriff's sale, commenced an action of ejectment against the plaintiff in the court of common pleas No. 2 of Allegheny county for the recovery of said property, in which action a judgment was entered in favor of the trust company, which judgment was on appeal affirmed by the Supreme Court of Pennsylvania (Rochester Trust Co. v. White, 243 Pa. 469, 90 Atl. 127), by reason of which the plaintiff herein lost the property purchased by her as aforesaid.

Tenth. The plaintiff's father, Timothy Barrett, who is now dead, acting for the plaintiff, appears to have employed a Mr. Culbertson, an abstracter, to make some examination of the title; but it does not satisfactorily appear that any attorney was employed on behalf of the plaintiff to examine the title. John S. Wendt, Esq., an able and reputable lawyer, was attorney for the receiver in the transaction. He

signed the agreement as attorney for the receiver, presented the petition for the confirmation of the sale, and so continued as attorney until the transaction was closed. While the title was under consideration, Mr. Culbertson spoke to Mr. Wendt about the judgment against Herron, and asked the latter if he thought it was a lien against the property. The latter says that he told Culbertson that he did not think the judgment was a lien; that the property had been purchased by the money of the bank and the title taken in the name of the president for convenience; that the president had executed a declaration of trust, which was recorded, and that the judgment only bound whatever interest Mr. Herron had in the property; that he (Mr. Wendt) had not examined the title, and was merely expressing his opinion as representing Mr. Murray, the receiver; and that he (Culbertson) would have to decide the question for himself. Mr. Culbertson died before this suit was brought.

### Conclusions of Law.

First. The covenant in the contract of sale, to convey "clear of all incumbrances," was neither merged in the deed nor waived by the plaintiff.

Second. This covenant was broken by a conveyance of the property subject to a lien, the enforcement of which deprived the plaintiff of her title.

Third. The plaintiff, by reason of the breach of contract on the part of the vendor, which deprived her of the total consideration of the contract, is equitably and legally entitled to a return of the purchase money paid by her.

### Discussion.

We are confronted here with this question: The vendor receiver, under articles of agreement, stipulated to convey in fee simple, "clear of all incumbrances." He asked the consent of the court, and obtained a decree to convey the property in fee simple for the price and upon the terms mentioned in the written agreement. The receiver makes his deed with special warranty. The purchaser pays the purchase money, takes possession of the property, and later has her title swept away by reason of a lien on the property at the time of the conveyance to her. Must she lose the purchase money, when the entire consideration of the contract was stricken down by reason of the vendor's breach of contract to convey clear of incumbrances. If this be true, it is a most striking illustration of the proposition that law and justice are not always synonymous terms. The equities of the case are so strong with plaintiff that nothing but an absolute legal bar should prevent her recovery. An examination of the cases convinces me that no such legal bar exists. On the other hand, I find that the authorities are in complete harmony with the manifest justice of the case.

The defendant urges three propositions to sustain his case. He says, first, that this is a case of mistake in a matter of opinion, or a mistake of law, and cites authorities to show that under such circumstances the doctrine of caveat emptor applies, and that the plaintiff, having notice or presumptive notice of the existence of the lien in

question, cannot recover; second, that the article of agreement for the sale of the land, with its provisions, were merged in the deed, which was made in consummation of the sale; and, third, that the provision of the article of agreement, providing for a conveyance clear of incumbrances, was waived by the plaintiff.

[1] As I view the case, none of these principles, which may be said to be general legal propositions, are applicable to the facts of this case. It is not a question of a mistake of law, but purely a question of contract, and the performance of that contract. No misrepresentation is charged or shown, and there is no question of fraud, accident, or mistake. The parties got together and entered into an article of agreement, which is plain and unequivocal in its terms, one of the important covenants of which was that the property should be conveyed to the purchaser clear of all incumbrances. The consideration named was the whole consideration which the purchaser was to pay. It was agreed by the vendor, and it became his duty to see, that the property was free of any form of incumbrance, and, if not, to discharge such incumbrance, so that the covenant with his vendee might be kept in good faith. Relying on this covenant she had a perfect right to assume that it would be kept, and, so relying, she would lose no right which she had by the fact that notice was brought to her of the existence of some lien, or some judgment which might ultimately be held to be a lien, on the property before the deed was delivered to her.

[2] With reference to the question of the merger of the article of agreement in the deed that followed it, it may be stated as a general proposition that there is a presumption that such merger takes place, and where there is a covenant of warranty in the contract, and a similar covenant is embodied in the deed afterwards accepted, the first covenant is merged in the last; but if there is no similar covenant embodied in the deed, there is no merger.

In Drinker v. Byers, 2 Pen. & W. (Pa.) 528, the Supreme Court held that a warranty of title executed and delivered by a vendor to a vendee is not merged in a subsequent deed of conveyance which contains only a special warranty.

In the case of Frederick v. Campbell, 13 Serg. & R. (Pa.) 136, parol evidence was held admissible to show that at the time the deed was executed the vendor declared to the vendee that he had a good title to 225 acres and would warrant that quantity of land. The deed contained no such covenant of warranty.

In the case of Richardson v. Gosser, 26 Pa. 335, the Supreme Court held that where a vendor, who conveys to his vendee by deed of general warranty, promises to indemnify him for any improvements he may make upon the premises in the event of the title proving worthless, such promise is not nudum pactum, but will support an action of assumpsit, and that the deed did not alter the situation of the parties in this respect, being distinct from the contract sued on.

In Cox's Administrators v. Henry, 32 Pa. 18, there was a covenant of warranty in the agreement for the sale of the land, and a similar covenant embodied in the deed afterwards accepted, and it was held that the first covenant was merged in the last, so far as regards the

measure of damages, but that a special covenant to indemnify the vendee against all costs, charges, and damages on account of any action which might be brought against him by any claimant of the land, there being no similar covenant in the deed, was not merged in or extinguished by the deed.

In Lehman v. Paxton, 7 Pa. Super. Ct. 259, the rule is laid down that the acceptance of the deed in pursuance of a contract of sale is presumably in satisfaction of the previous covenants, but that this has its exceptions; that the contract remains binding as to further stipulations contained in it, conferring rights on the vendee and forming part of the consideration on which he contracted to pay the consideration money and accept the deed, and that an agreement to convey *clear of all incumbrances,* not embodied in terms in the deed, is an obligation subsisting and enforceable. This case pretty fully considers the authorities on the subject.

It was held in Wilson v. Pearl, 12 Pa. Super. Ct. 66, that the obligation in a contract of a purchaser of land to pay a stipulated sum survives the delivery of the deed, unless he has discharged it by a compliance with the terms of the contract, or has been released from it, and the fact that he has paid the consideration mentioned in the deed is not conclusive of that question; that it is competent to prove by parol a money consideration greater than that mentioned in a deed; and that the doctrine of merger of the preliminary contract in the deed does not apply.

It was held in Stewart v. Trimble, 15 Pa. Super. Ct. 513, that an oral agreement, made before or at the time of the sale of real estate, under which the vendor assumes obligations collateral to the conveyance of title, is not merged in the deed subsequently executed.

In McGowan v. Bailey, 146 Pa. 572, 23 Atl. 387, it was held that a stipulation contained in a contract for the sale of land, but omitted from the deed executed in pursuance of the contract, will not be extinguished by merger, when its place is not taken or supplied by the expressed or implied operation of the provisions and covenants which the deed does contain.

Stockton v. Gould, 149 Pa. 68, 24 Atl. 160. In this case there was a written contract for the exchange of real estate, by which each party expressly assumed the mortgage on the property to be conveyed to him. It was held that this covenant was not merged in deeds subsequently executed for the premises in question, containing no express assumption of the mortgages.

In the case at bar the clause of special warranty, as I regard it, does not affect the question at issue. There was no covenant whatever in the deed in relation to incumbrances. As a rule there is no such covenant in a deed. The property may be conveyed subject to liens, or free of liens, and the deed be entirely silent on the question, and, when this is so, it follows as a necessary conclusion that the agreement of sale, which embodied the actual terms under which the property was to be conveyed, must be referred to, and that a covenant in the agreement, which does provide as to how the conveyance is to be made with reference to liens, must be given effect.

I am satisfied 'that there was no merger of the covenant against incumbrances in the receiver's deed which followed, and that the plaintiff cannot be held to have waived the important covenant in her article against incumbrances. For these reasons, we think the plaintiff is entitled to recover the purchase money paid, together with interest and costs.

A decree may be drawn accordingly.