## Bricker et al., Appellants, *v.* Kline.

*Sales—Sales of real estate—Agreement against incumbrances—Effect of acceptance of deed by vendee.*

Where a vendor covenants by agreement under seal to convey land free and clear of all incumbrances and the vendee, knowing that a portion of the premises was encumbered by an unexpired lease, paid the purchase money and received and accepted the deed from the vendor, the acceptance of the deed operated as a satisfaction of the covenants in the agreement against the incumbrance.

In such a case the incumbrance was of a character that amounted to an immediate breach of the covenant, and put the plaintiffs to an election as to whether they would stand on the covenant or accept the deed.

Argued December 7, 1925. Appeal No. 98, October T., 1925, by plaintiffs, from judgment of C. P. Northampton County, February T., 1923, No. 85, on verdict for plaintiffs, in the case of W. R. Bricker, I. B. Hochman, v. Julius Kline. Before ORLADY, P. J., PORTER,

HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Assumpsit to recover damages for the breach of a covenant against incumbrances. Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiffs in the sum of $566.75 and judgment thereon. Plaintiffs appealed.

*Errors assigned* were the various answers to defendant's points.

*C. F. Smith*, of *Smith and Paff*, and with him *Asher Seip*, for appellants.—The acceptance of the deed did not operate as a satisfaction of the covenants: Lehman v. Paxton, 7 Pa. Superior Ct. 259; Hannan v. Carroll, 277 Pa. 32, 37; March v. Allabough, 103 Pa. 335; Appeal of Wilson, 109 Pa. 606, 607; Shreve, et al., v. Brereton, et al., 51 Pa. 175; Keck v. Bieber, 148 Pa. 645.

*Aaron Goldsmith*, and with him *W. H. Kirkpatrick*, for appellee.—The sum payable under the articles in case of breach is not a penalty but liquidated damages: Lichetti v. Conway, 44 Pa. Superior Ct. 74; Gottschall v. Kapp, 47 Pa. Superior Ct. 104; La Belle Coke Co. v. Smith, 221 Pa. 642; Mathews v. Sharp, 99 Pa. 560; York v. York Railways, 229 Pa. 237; Emery v. Boyle, 200 Pa. 252.

OPINION BY KELLER, J., February 26, 1926:

Defendant covenanted by agreement under seal to grant and convey to the plaintiffs on or before November 1, 1922 a certain tract of land in the City of Easton "free and clear and discharged of all encumbrance, debt or demand." Before the date fixed for settlement plaintiffs learned that one of the buildings on

the tract was held by a tenant under a lease reserving rent, entered into with defendant's immediate predecessor in title, for a term of fifteen years, ending January 1, 1936—duly entered of record.

Negotiations were thereupon had between the parties; the plaintiffs calling upon the defendant to secure a surrender or cancellation of the lease, and the defendant endeavoring to secure from the plaintiffs a paper agreeing to accept the premises subject to the lease. Nothing came of either attempt.

On the day fixed for settlement defendant tendered a special warranty deed for the premises, which the plaintiff accepted, and paid or secured the consideration money as provided in the agreement. The tenant having refused to vacate, they brought this action for damages on the covenant in the articles of agreement.

When the plaintiffs learned of the encumbrance on the property which could not be removed, two courses were open to them. They could refuse to accept the conveyance of the title encumbered with the lease and bring their action against defendant for the damages sustained by them through his failure to perform, as provided in the agreement; or they could proceed with the settlement, accept the deed and pay the consideration money; in which latter event the acceptance of the deed would operate as a satisfaction of the unfulfilled covenant in so far as it related to the lease.

The general principle applicable was stated in Seitzinger, Admr. v. Weaver, Admr., 1 Rawle 377, 384, as follows: "The presumption of law is, that the acceptance of a deed in pursuance of articles, is satisfaction of all previous covenants; and, where the conveyance contains none of the usual covenants, the law supposes, that the grantee agreed to take the title at his risk, or else, that he would have rejected it altogether." This was an action of covenant, upon articles of agreement, for breach of the covenant against

encumbrances done or suffered by the grantor implied from the words, grant, bargain and sell contained in the agreement. This was quoted with approval in Shontz v. Brown, 27 Pa. 123, 131, the court then continuing: "And though in special circumstances, such as were presented in Selden v. Williams, 9 Watts 12, a deed may be considered, not as a merger of prior articles, but only as part performance, yet the general rule is that a purchase is consummated by the conveyance; after which the parties have no recourse to each other except for imposition or fraud, *or upon the covenants in the deed."* In Shurtz v. Thomas, 8 Pa. 359, 363, an owner of land covenanted to convey it by an unencumbered title in fee simple and then died. The assignee of the vendee accepted a deed from the widow and another as administrators without a specific release of her dower and afterwards interposed the covenant in the articles as a defense to an action for dower. Chief Justice Gibson said, "But he thought proper to accept of a conveyance, which did not touch the plaintiff's dower, as satisfaction of the articles, and as an equivalent for the unencumbered fee simple. They contained a covenant for an unexceptionable title; and the defendant, standing in the place of the vendee, was not bound to take anything less from the administrators than he would be bound to take from the vendor himself; but Clark v. Seirer [7 Watts 107] shows that he might, by taking less, preclude himself from demanding anything further........He was entitled to demand an unencumbered fee simple; but, waiving his right, he might take less; and he did waive it, when he took a conveyance from the administrators, which had the same effect that a conveyance from the vendor would have had without the joinder of his wife. But the delivery of a deed in execution of articles to convey, is almost always held to be satisfaction of the covenants; and the acceptance of the administrators' conveyance of the vendor's title, en-

cumbered with his widow's dower, is as much satisfaction of the articles, in this instance, as would have been the vendor's separate conveyance, which alone he could have been compelled to make.'' It is true the decision in this case was afterwards overruled on the ground that the language of the deed was such as to convey the widow's interest, and also that her dower was extinguished by a sheriff's sale on a judgment against the decedent: Thomas v. Harris, 43 Pa. 231; but the opinion is still authority for the proposition that when an owner of land has signed articles for its sale, clear of encumbrances, without the joinder of his wife, and she refuses to execute the deed of conveyance, the purchaser can either accept the deed without the wife and pay the purchase money, or he can resort to his action at law on the articles for damages. He cannot do both: Riesz's App., 73 Pa. 485, 490; Clark v. Seirer, 7 Watts 107; Bitner v. Brough, 11 Pa. 127, 138; Burk's App., 75 Pa. 141; Medoff v. Vandersant, 271 Pa. 169; Bailey v. Cooney, 284 Pa. 508, 512. See also Jones v. Wood, 16 Pa. 25, 38; Crotzer v. Russell, 9 S. & R. 78, 80; Bailey v. Snyder, 13 S. & R. 160, 162; Lighty v. Shorb, 3 P. & W. 447; Ludwick v. Huntzinger, 5 W. & S. 51, 59; Wilson v. McNeal, 10 Watts 422, 426.

The principle set forth in Seitzinger, Admr. v. Weaver, Admr., supra, has been quoted with approval by the Supreme Court as late as Little v. Thropp, 245 Pa. 539, 550; Titus v. Poland Coal Co., 263 Pa. 24, 33; and Dobkin v. Landsburg, 273 Pa. 174, 184. In the last named case Chief Justice Moschzisker discusses the subject with his usual thoroughness and clarity and reaffirms the general proposition.

There are of course exceptions to the rule, such as when the articles of agreement contain collateral covenants relating to rights which do not follow from a subsequent deed: McGowan v. Bailey, 146 Pa. 572; Stockton v. Gould, 149 Pa. 68; Brown v. Moorhead, 8

S. & R. 569; or a reservation in the articles is omitted from the deed: Harbold v. Kuster, 44 Pa. 392; Backenstoss v. Stahler, 33 Pa. 251; or the parties have made a collateral agreement indemnifying the grantee against an impending defect of title; Drinker v. Byers, 2 P. & W. 528; Richardson v. Gosser, 26 Pa. 335; Close v. Zell, 141 Pa. 390; or the property was encumbered with a lien of which the parties, or at least the grantee, had no knowledge at the time of the conveyance, and it was not the intention that the premises should be conveyed subject to it; so that there was a misconception or misapprehension by the grantee of the effect of the deed of conveyance: Lehman v. Paxton, 7 Pa. Superior Ct. 259; McKennan v. Doughman, 1 P. & W. 417.

In the present case the encumbrance was known to the plaintiffs before they accepted the deed: Wilson's App., 109 Pa. 606, 609; Gangloff v. Smaltz, 18 Pa. Superior Ct. 460, 462; Hannan v. Carroll, 277 Pa. 32, 36; Wilson v. Cochran, 48 Pa. 107; Cadwalader v. Tryon, 37 Pa. 318, 322. It was of a character that amounted to an immediate breach of the covenant and put the plaintiffs to an election as to whether they would stand on the covenant or accept the deed. No collateral promise or agreement of indemnity was made them. Their acceptance of the deed was not founded on fraud or any misconception or misapprehension. It follows that acceptance of the deed was in effect a satisfaction of the covenant in the articles against encumbrance, so far as concerned the lease.

With this view of the case we need not enter into any discussion as to whether the sum payable by the vendor under the articles in case of breach was a penalty or liquidated damages. The question would be pertinent if plaintiffs had elected to stand on their covenant.

The appeal is dismissed.