## Remmett et ux. v. Smith. No. 2

*Gerald G. Dolphin*, for plaintiffs.
*Robert G. Coglizer*, for defendant.

Leach, P. J., May 2, 1947.—Plaintiffs bought of defendant a certain house, which they had inspected. There is no controversy that the option gave defendant the right to remove certain fixtures, and these are not in dispute.

Plaintiffs contend that after the inspection of the house and before they took possession, defendant removed a cupboard and several other articles which were fixtures in the house and passed with the deed. The jury found a verdict in favor of plaintiffs for $122. Defendant filed a motion for judgment n. o. v., claiming that the delivery of the deed and the acceptance thereof merged all agreements and no suit could be maintained. While it is a general rule that all agreements are merged with the deed, there are exceptions thereto: Titus v. Poland Coal Company, 263 Pa. 24, 34; Lehman v. Paxton, 7 Pa. Superior Ct. 259, and cases there cited.

This action is not brought to enforce a contract which was not in the deed, but to enforce the deed. The real estate sold excepted certain fixtures by agreement and there is no dispute on that score. However, other fixtures were a part of the land conveyed, and the removal of them after the house was exhibited to plaintiffs as the property to be sold and before the delivery of the deed was a fraud upon the purchasers if such fact existed.

This was a question of fact for the jury, and was not a question to be decided upon the pleadings or by the judge after the evidence was in. All testimony must be construed most favorably to the party winning when considering a motion for judgment n. o. v.

Plaintiffs testified that all of the fixtures were attached to the building when they saw it and were removed after it was displayed and before they could take possession.

The jury was told that attachment was not controlling. This instruction permitted them to find for

defendant. The charge, as a whole, was favorable to defendant. The jury found for plaintiffs and we have no power to give judgment for defendant.

Now, May 2, 1947, rule for judgment n. o. v. discharged.